UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

*DERRICK BAKER*                                          CIVIL ACTION

*VERSUS*                                                 NO. 16-14601

*AMERICAN RIVER TRANSPORTATION*                          SECTION "B"
*CO., LLC*

## ORDER AND REASONS

Before the court is Defendant's "Motion for Partial Summary Judgment" (Rec. Doc. 18), Plaintiff's "Opposition to Motion for Summary Judgment" (Rec. Doc. 29), Defendant's "Reply Memorandum in Further Support of Motion for Partial Summary Judgment" (Rec. Doc. 32), Plaintiff's "Motion for Denial or Continuance of Defendant's Motion for Partial Summary Judgment Under FRCP 56" (Rec. Doc. 28), and Defendant's "Response/Memorandum in Opposition to Plaintiff's Motion for Denial or Continuance of Motion for Partial Summary Judgment" (Rec. Doc. 26). For the reasons set forth below,

**IT IS ORDERED** that the Defendant's Motion for Partial Summary Judgment is **GRANTED. IT IS FURTHER ORDERED** that Plaintiff's Motion for Denial or Continuance of Defendant's Motion for Partial Summary Judgment Under FRCP 56 is **DENIED as moot and unnecessary as a fruitless exercise.**

**FACTS AND PROCEDURAL HISTORY**

Plaintiff Derrick Baker ("Baker") was employed by the defendant American River Transportation Co. ("ARTCO"), as a deckhand on defendant's towboat, the M/V Louisiana Sun (Rec. Docs. 18-3 and 29-1). Baker was injured on November 3, 2015, while attempting to loosen a wire cable that attached a barge to the M/V Louisiana Sun (Rec. Docs. 18-3 and 29-1). On behalf of ARTCO, Baker was provided immediate medical treatment at Prime Occupational Medicine, where he was diagnosed with a laceration to his lower lip and a chipped tooth (Rec. Docs. 18-2). Baker was also referred to, and seen by, a dentist to evaluate his chipped tooth (Rec. Doc. 18-3). He was cleared and returned to work shortly after, until his termination about three (3) months later on February 16, 2016 (Rec. Docs. 18-13 and 29-1). On September 12, 2016, Baker filed suit against ARTCO for Jones Act negligence, unseaworthiness, and maintenance and cure, alleging that the wire injury that occurred on November 3, 2015, struck his face, injured his lip and teeth, as well as his eye, and introduced foreign bodies into his bloodstream and eye (Rec. Doc. 2).

**PARTIES' CONTENTIONS**

ARTCO contends that Baker will be unable to carry his burden of proof at trial, i.e., that Baker's eye injury arose during or

2

within the scope of his course of employment with ARTCO. (Rec. Doc. 18-1). ARTCO argues that it has provided Baker "ample opportunity to provide evidence" that his eye injury was a result of his service on the M/V Louisiana, and that Baker has failed to deliver. (Rec. Doc. 18-1). Baker's response counters that ARTCO has not proved that there are no genuine issues of material fact. Baker further contends that ARTCO's motion is premature (Rec. Doc. 29), and moves under Federal Rule of Civil Procedure 56(d) to defer ruling on this motion until after discovery is completed. (Rec. Doc. 29).

**FACTUAL AND LEGAL FINDINGS**

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)). *See also TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant must point to "portions of 'the pleadings, depositions, answers to

3

interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the non-movant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998).

Further, "[w]hile Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted, the party filing the motion must demonstrate how additional discovery will create a genuine issue of material fact." *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017) (quoting *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422-23 (5th Cir. 2016)). "In particular, the party opposing summary judgment must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* (citations and internal quotation marks omitted). Therefore, it is necessary to consider the basis for ARTCO's motion for summary judgment and the facts that Baker alleges could be discovered to present a genuine issue of material fact.

4

In the instant matter, Baker has not provided sufficient evidence to support his allegations that an eye injury was sustained during the scope of his employment with ARTCO. Under Rule 56, it is Baker's responsibility to present essential facts that the eye injury arose within the scope of his employment. Baker alleges his eye injury was the result of the abovementioned November 2015, incident where a wire struck him in the face (Rec. Doc. 2). However, the uncontested facts show that on multiple occasions ARTCO requested any and all evidence substantiating the claim for maintenance and cure for Baker's injury (Rec. Doc. 29-1 and 18-13, ¶15). To date, Baker has not provided any medical records or evidence substantiating allegations that his eye injury was a result of either the wire incident or any other injury during his employment with ARTCO.[1]

Baker's argument hinges on the idea that there is genuine issue of material fact because none of the medical reports specifically "exclude" the eye as part of his injury. However, that is an erroneous interpretation of a plaintiff's burden of proof. The absence of evidence is not evidence. Baker is required, and has failed, to point to specific facts that would create a genuine issue of triable fact regarding any injury to his eye. The uncontested facts prove at best that Baker received an injury to

---

[1] Plaintiff qualifies this admission, saying that "[a]lthough plaintiff may not have supplied defendant with all the present medical records, he signed authorizations for them to be obtained by defendant. As well, it has yet to be determined if there is no evidence supporting plaintiff's claim for injury to his eye."

his face in November 2015. He received medical treatment for his injuries and shortly thereafter returned to work. The uncontested facts also show that sometime after his termination in February 2016, Baker inquired about medical treatment for an eye injury. He fails, however, to provide any evidence that would allow for an evaluation that his eye injury arose at any time while Baker was in the service of the ARTCO.

Baker does not contest the need for reasonable reliance upon medical expert opinion for causation purposes. However, he has not offered such evidence relative to his alleged eye injury. Further, his reliance upon two recently completed witness depositions has not shown evidence of an eye injury while in the service of the vessel at issue. Suggestion and speculation on this limited issue does not create admissible evidence of a material factual dispute.

In the alternative, Baker requested a continuance of the submission of the instant matter. The scheduling order provided a discovery closure date of August 29, 2017. However, no relevant evidence has been presented to this Court by recent depositions, and none appear forthcoming.

New Orleans, Louisiana, this 1st day of September, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE

6